No. 05-396C
(Judge Mary Ellen Coster Williams)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

THOMAS L. REMPFER and RUSSELL E. DINGLE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

# DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

JAMES M. KINSELLA
Deputy Director

DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-7961
Fax: (202) 353-7988

Attorneys For Defendant

OF COUNSEL:

LT COL P. CHRISTOPHER CLARK
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

May 20, 2005

# TABLE OF CONTENTS


PAGE(S)

DEFENDANT'S MOTION TO DISMISS ..... 1

STATEMENT OF THE ISSUES ..... 2

STATEMENT OF THE CASE ..... 2

I. Nature Of The Case ..... 2

II. Statement Of The Facts ..... 3

SUMMARY OF THE ARGUMENT ..... 5

ARGUMENT ..... 6

I. Standard Of Review For A Motion To Dismiss ..... 6

II. The Court Lacks Subject Matter Jurisdiction To Entertain Plaintiffs' Claims ..... 7

A. Mr. Rempfer's And Mr. Dingle's Claims, Brought As Former Members Of The Connecticut Air National Guard, The State Militia, Are Against The State Militia, Not The United States ..... 8

B. Mr. Rempfer And Mr. Dingle Voluntarily Separated From The Connecticut Air National Guard ..... 11

C. Mr. Rempfer's Claims Are Barred By The Statute Of Limitations ..... 13

III. Mr. Rempfer And Mr. Dingle's Claim For Reinstatement And Full Compensation Fails To State A Claim Because They Are Not Entitled To Military Pay As Former Members Of The National Guard ..... 15

IV. Mr. Rempfer's And Mr. Dingle's Request For Declaratory Relief Is Not An Incident Of And Collaterol To A Judgment For Money Damages ..... 19

CONCLUSION ..... 20

## TABLE OF AUTHORITIES

**CASES** **PAGE(S)**


Adams v. United States,
46 Fed. Cl. 834 (2000) .... 14

Adkins v. United States,
68 F.3d 1317 (Fed. Cir. 1995) .... 11

Bevelheimer v. United States,
4 Cl. Ct. 558, 561 (1984) .... 14

Bobula v. Department of Justice,
970 F.2d 854 (Fed. Cir. 1992) .... 16, 19

Bonen v. United States,
229 Ct. Cl. 144, 666 F.2d 536 (1981) .... 14

Bowen v. Massachusetts,
487 U.S. 879 (1988) .... 16

Brown v. United States,
30 Fed. Cl. 227 (1993) .... 13

Carmichael v. United States,
298 F.3d 1367 (Fed. Cir. 2002) .... 11

Christie v. United States,
207 Ct. Cl. 518 F.2d 584 (1975) .... 12

Clark v. United States,
322 F.3d 1358 (Fed. Cir. 2003) .... 10

Colon v. United States,
35 Fed. Cl. 515 (1996) .... 14

Conley v. Gibson,
355 U.S. 41 (1957) .... 7

Coon v. United States,
30 Fed. Cl. 531(1994) .... 13

Cosmic Constr. Co. v United States,
697 F.2d 1389 (Fed. Cir. 1982) .......... 15

Cottrell v. United States,
42 Fed. Cl. 144 (1998) .......... 16

Covington v. Dep't of Human Health and Human Servs.,
750 F.2d 937 (Fed. Cir. 1984) .......... 12

Crocker v. United States,
125 F.3d 1475 (Fed. Cir. 1997) .......... 16

Dehne v. United States,
970 F.2d 890 (Fed. Cir. 1992) .......... 11, 17, 18

Deponte Invs., Inc. v. United States,
54 Fed. Cl. 112 (2002) .......... 7

Dorrall v. Dep't of the Army,
301 F.3d 1375 (Fed. Cir. 2002) .......... 12

Faulkner v. United States,
43 Fed. Cl. 54 (1999) .......... 17

Fisher v. United States,
402 F.3d 1167 (Fed. Cir. 2005) .......... 18

Furash & Company v. United States,
46 Fed. Cl. 518 (2000) .......... 8

Gallucci v. United States,
41 Fed. Cl. 631 (1998) .......... 13

Gnagy v. United States,
225 Ct. Cl. 242, 634 F.2d 574 (1980) .......... 10, 17

Greene v. United States,
2005 WL 1023514 (Fed. Cl. Apr. 29, 2005) .......... 18

Hambsch v. United States,
857 F.2d 763 (Fed. Cir. 1988) .......... 7

Hamlet v. United States,
873 F.2d 1414 (Fed. Cir. 1989) .......... 6

Hart v. United States,
910 F.2d 815 (Fed. Cir. 1990) ........ 13

Heaphy v. United States,
23 Cl. Ct. 697, 700 (1991) ........ 12

Hernandez v. United States,
38 Fed. Cl. 532 (1997) ........ 17

Hopland Band of Pomo Indians v. United States,
855 F.2d 1573 (Fed. Cir. 1988) ........ 14

Hunt v. United States,
52 Fed. Cl. 810 (2002) ........ 20

Hurick v. Lehman,
782 F.2d 984 (Fed. Cir. 1986) ........ 14

James v. Caldera,
159 F.3d 573 (Fed. Cir. 1998) ........ 19

Katz v. Cisneros,
16 F.3d 1204 (Fed. Cir. 1994) ........ 16, 19

Khan v. United States,
201 F.3d 1375 (Fed. Cir. 2000) ........ 15

Kirby v. United States,
201 Ct. Cl. 527 (1973) ........ 14

Land v. Dollar,
330 U.S. 731 (1947) ........ 6

Lehman v. Nakshian,
453 U.S. 156 (1981) ........ 8

Library of Congress v. Shaw,
478 U.S. 310 (1986) ........ 15

Litzenberger v. United States,
89 F.3d 818 (Fed. Cir. 1996) ........ 17

Mars v. Kabushiki-Kaisha Nippon Conlux,
24 F.3d 1368 (Fed. Cir. 1994) ........ 7

Martinez v. United States,
48 Fed. Cl. 851 (2001) .......... 14

Maryland v. United States,
381 U.S. 41 (1965) .......... 10

Moody v. United States,
58 Fed. Cl. 522 (2003) .......... 12, 13

Moyer v. United States,
190 F.3d 1314 (Fed. Cir. 1999) .......... 11

Murphy v. United States,
993 F.2d 871 (Fed. Cir. 1993) .......... 16

NEC Corp v. United States,
806 F.2d 247 (Fed. Cir. 1986) .......... 8

National Corn Growers Ass'n v. Baker,
840 F.2d 1547 (Fed. Cir. 1988) .......... 16

New York Life Ins. Co. v. United States,
118 F.3d 1553 (Fed. Cir. 1997) .......... 15

Palmer v. United States,
168 F.3d 1310 (Fed. Cir. 1999) .......... 17, 18

Parker v. United States,
2 Cl. Ct. 399, 402 (1983) .......... 14

Perpich v. Dep't of Defense,
496 U.S. 334 (1990) .......... 11

Pohanic v. United States,
48 Fed. Cl. 166 (2000) .......... 18, 19

Ponder v. United States,
117 F.3d 549 (Fed. Cir. 1997) .......... 7

Raymark Indus., Inc. v. United States,
15 Cl. Ct. 334 (1988) .......... 6

Reeves v. United States,
49 Fed. Cl. 560 (2001) .......... 18

Reynolds v. Army and Air Force Exchange Serv.,
846 F.2d 746 (Fed. Cir. 1988) .......... 3, 6

Rickelshaus v. Sierra Club,
463 U.S. 680 (1983) .......... 14

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991) .......... 7

Sammt v. United States,
780 F.2d 31 (Fed. Cir. 1985) .......... 12

Sanders v. United States,
219 Ct. Cl. 285, 594 F.2d 804 (Ct. Cl. 1979) .......... 17

Scarseth v. United States,
52 Fed. Cl. 458 (2002) .......... 13

Scheuer v. Rhodes,
416 U.S. 232 (1974) .......... 6, 7

Singleton v. Merit Systems Protection Board,
244 F.3d 1331 (2001) .......... 10

Soriano v. United States,
352 U.S. 270 (1957) .......... 14

Steel Co. v. Citizens for a Better Env't,
523 U.S. 83 (1998) .......... 7

Tippett v. United States,
185 F.3d 1250 (Fed. Cir. 1999) .......... 11, 12, 15

Trayco, Inc. v. United States,
994 F.2d 832 (1993) .......... 17

United States v. King,
395 U.S. 1 (1969) .......... 8, 15

United States v. Kubrick,
444 U.S. 111 (1979) .......... 13

United States v. Mitchell,
463 U.S. 206 (1983) .......... 11

United States v. Sherwood,
312 U.S. 584 (1941) ........ 8, 9, 13

United States v. Testan,
424 U.S. 392 (1976) ........ 11, 15, 19

United States v. White Mountain Apache Tribe,
537 U.S. 465 (2003) ........ 17

## STATUTES

5 U.S.C. § 702 ........ 4, 16

5 U.S.C. § 5596 ........ 3, 17

10 U.S.C. § 1107 ........ 3

28 U.S.C. § 1331 ........ 4, 16, 17

28 U.S.C. § 1346 ........ 4, 16, 17

28 U.S.C. § 1491 ........ passim

28 U.S.C. § 2201 ........ 4, 16

28 U.S.C. § 2501 ........ 5, 13

37 U.S.C. § 204 ........ 3, 17, 18

37 U.S.C. § 206 ........ 6, 18

## MISCELLANEOUS

National Guard Regulation (AR) 600-100, 15 April 1994, Commissioned Officers - Federal Recognition And Related Personnel Action, ¶ 2-2 ........ 9

Wiener, The Militia Clause of the Constitution, 54 Harv. L. Rev. 181 (1940) ........ 9

**INDEX TO APPENDIX**

Document Page

Mr. Rempfer's Application for Ready Reserve Assignment, AF Form 1288
December 22, 1998 . . . . . . . . 1

Discharge Order, State of Connecticut, Captain Thomas Rempfer,
23 February 1999 . . . . . . . . 3

Discharge Order, State of Connecticut, Major Russell Dingle,
23 March 1999 . . . . . . . . 4

Notification of Eligibility for Retired Pay at Age 60, Major Russell E. Dingle
9 April 2002 . . . . . . . . 5

Application For Transfer To Retired Reserve, Major Russell Dingle
21 March 2003 . . . . . . . . 6

Retirement Order, 29 May 2003 . . . . . . . . 7

Declaration of Chief Master Sergeant Kristine C. Shaw . . . . . . . . 8

Declaration of Brigadier General Daniel R. Scace . . . . . . . . 10

Extract, National Guard Regulation (AR) 600-100, 15 April 1994, Commissioned Officers - Federal Recognition And Related Personnel Action, ¶ 2-2 . . . . . . . . 11

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THOMAS L. REMPFER** | ) | |
| **and** | ) | |
| **RUSSELL E. DINGLE,** | ) | |
| **Plaintiffs,** | ) | **No. 05-396C** |
| | ) | **(Judge Mary Ellen Coster Williams)** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO DISMISS

Defendant, the United States, respectfully requests that the Court dismiss the complaint of Thomas L. Rempfer and Russell E. Dingle pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") because the Court lacks subject matter jurisdiction to entertain their claims. Initially, Mr. Rempfer's and Mr. Dingle's complaint must be dismissed because their claims, if any, do not lie against the United States. Mr. Rempfer and Mr. Dingle bring their claims as members of the Connecticut Air National Guard, which is the state of Connecticut's militia. Furthermore, both Mr. Rempfer and Mr. Dingle requested separation from the Connecticut Air National Guard after they refused inoculation with the Anthrax Vaccine Adsorbed ("anthrax vaccine"). Since it is well settled that the Court lacks jurisdiction to review back pay claims pursuant to the Tucker Act if a military member voluntarily leaves the service, plaintiffs claims are barred. Finally, Mr. Rempfer's claim is also jurisdictionally barred by the statute of limitations.

In the alternative, the defendant respectfully request the Court dismiss the claims of Mr. Rempfer and Mr. Dingle pursuant to RCFC 12(b)(6), as their complaint fails to state any claim

upon which relief can be granted. Specifically, since Mr. Rempfer and Mr. Dingle are former members of the Connecticut Air National Guard, they are not entitled to pay for drills which they did not attend or training duty which they did not perform. Furthermore, since Mr. Rempfer and Mr. Dingle are not entitled to a money-judgment in this Court, their claims for declaratory relief are not incident of, and collateral to, any monetary relief. Accordingly, these claims are barred as well. In support of our motion, the defendant relies upon plaintiffs' complaint, the following brief, and the Appendix filed under separate cover.[1]

## STATEMENT OF THE ISSUES

1. Whether the Court possesses jurisdiction over claims brought by Mr. Rempfer and Mr. Dingle in their capacity as former members of the state militia, the Connecticut Air National Guard?

2. Whether the Court possesses jurisdiction over claims brought by Mr. Rempfer and Mr. Dingle given that they voluntarily separated from the Connecticut Air National Guard?

3. Whether the claims of Mr. Rempfer are barred by the statute of limitations?

4. Whether Mr. Rempfer and Mr. Dingle have failed to state a claim upon which relief can be granted given that former members of the Air National Guard are only entitled to pay for duties actually performed?

5. Whether Mr. Rempfer and Mr. Dingle's request for declaratory relief is incident of, and collateral to, a judgment for money damages?

## STATEMENT OF THE CASE

### I. Nature Of The Case

Plaintiffs are former members of the Connecticut Air National Guard who allege they

[1] Citations to "Compl." refer to plaintiffs' complaint; "DA" refers to the defendant's appendix.

were forced to resign from the state militia because they refused to obey an order to be inoculated with anthrax vaccine. Mr. Rempfer and Mr. Dingle seek judgment from the Court ordering: (1) reinstatement to the Connecticut Air National Guard; (2) back pay and other compensation for financial losses they suffered as a result of allegedly being forced out of the Connecticut Air National Guard;[2] (3) a declaration that anthrax vaccine is an investigational new drug pursuant to 10 U.S.C. § 1107, Executive Order 13139, and Department of Defense Directive 6200.2; (4) a declaration that the anthrax vaccine was an investigational new drug at the time of the inoculation order; (5) a declaration that the anthrax vaccine inoculation order was unlawful; (6) an award of fees and costs; and, (7) any other relief the Court finds appropriate.

## II. Statement Of The Facts[3]

Mr Rempfer is a former Captain and pilot with the Connecticut Air National Guard. Compl. at ¶ 1. Mr. Dingle is a former Major and pilot in the Connecticut Air National Guard. Compl. at ¶ 2.

Mr. Rempfer and Mr. Dingle, as members of the Connecticut Air National Guard, were ordered to be inoculated with anthrax vaccine pursuant to the Department of Defense's Anthrax Vaccination Immunization Program. Compl. at ¶¶ 6-7. Refusing to comply with orders to be inoculated with the anthrax vaccine could subject military members to disciplinary action,

---

2 Entitlements allegedly due pursuant to 37 U.S.C. § 204 or 5 U.S.C. § 5596. Compl at ¶¶ 22, 27, 31.

3 For purposes of this motion, the defendant accepts as true the facts alleged in the complaint. However, the defendant reserves the right to contest the alleged facts in subsequent proceedings. The Court may also consider evidence set forth in Defendant's Appendix when determining if it lacks jurisdiction to entertain Mr. Rempfer's and Mr. Dingle's complaint because it contains relevant evidence concerning jurisdictional facts. Reynolds v. Army and Air Force Exchange Serv., 846 F.2d 746, 747 (Fed. Cir. 1988).

including courts-martial or administrative discharges. Compl. at ¶ 7. Mr. Rempfer and Mr. Dingle opposed the use of the anthrax vaccine and refused to be inoculated. Compl. at ¶ 15.

Mr. Rempfer submitted an Air Force ("AF") Form 1288, "Application for Ready Reserve Assignment," dated December 22, 1998, requesting assignment from the Connecticut Air National Guard to the Air Force Reserve. DA 1-2, 10. His commander, (then) Lieutenant Colonel ("Lt Col") John S. Swift, recommended approval. Id., DA 2. Mr. Rempfer's request was approved and he was honorably discharged from the Connecticut Air National Guard, effective March 11, 1999, and transferred to the Air Force Reserve, effective March 12, 1999. DA 3.

Mr. Dingle also submitted an AF Form 1288 requesting reassignment from the Connecticut Air National Guard to the Air Force Reserve. DA 8,10. Mr. Dingle's request was approved, and he was honorably discharged from the Connecticut Air National Guard, effective April 3, 1999, and transferred to the Air Force Reserve, effective April 4, 1999. DA 4.

In a letter dated April 9, 2002, Mr. Dingle was notified that he had completed the required years of duty to be eligible for retired pay at age 60. DA 5. Mr. Dingle submitted an AF Form 131, "Application for Transfer to the Retired Reserve," dated March 21, 2003, requesting transfer to the Retired Reserve. DA 6. Mr. Dingle's request was approved and he was relieved from his current assignment and assigned to the Retired Reserve effective June 28, 2003. DA 7.

Mr. Rempfer and Mr. Dingle filed their complaint on March 23, 2005. They assert the Court possesses jurisdiction to entertain their claims under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702; the Declaratory Judgment Act, 28 U.S.C. § 2201; and 28 U.S.C. §§

1331 ("Federal Question"), 1346 ("Little Tucker Act"), and 1491 ("Big Tucker Act"). Compl. at ¶ 4.

## SUMMARY OF THE ARGUMENT

The Court lacks jurisdiction to entertain Mr. Dingle and Mr. Rempfer's claims because they seek relief as members of the state's militia. This Court only posseses jurisdiction to entertain claims against the United States. 28 U.S.C. § 1491. Furthermore, jurisdiction is lacking because both Mr. Rempfer and Mr. Dingle requested reassignment from the Connecticut Air National Guard. To properly state a claim pursuant to 28 U.S.C. § 1491 in this Court, a plaintiff must base his claim on a money mandating provision. However, it is well settled that the Court lacks jurisdiction to review back pay claims under the Tucker Act if a military member voluntarily leaves the service. Both Mr. Rempfer and Mr. Dingle requested separation from the Connecticut Air National Guard, and they were voluntarily discharged pursuant to their requests. In addition, Mr. Dingle voluntarily retired from the Air Force Reserve subsequent to discharge from the Connecticut Air National Guard.

The Court also lacks jurisdiction over the claims of Mr. Rempfer, as his claims are barred by the statute of limitations. Section 2501 of Title 28, United States Code, requires filing a lawsuit in this Court within six years after a cause of action accrues. Mr. Rempfer's cause of action accrued upon his discharge from the Connecticut Air National Guard on March 11, 1999, and thus, he had until March 11, 2005 to file his complaint. However, Mr. Rempfer did not file his complaint until March 23, 2005. Accordingly, his claim is time barred.

Even assuming the Court's jurisdiction, Mr. Rempfer and Mr. Dingle's claims must be rejected because they fail to state a claim upon which relief can be granted. Unlike service members serving upon active duty or in a full-time status, members of the Connecticut Air

National Guard are entitled to pay only for actual duties performed pursuant to the applicable military pay statute, 37 U.S.C. § 206. However, Mr. Rempfer and Mr. Dingle are asserting a back pay claim for duties they did not perform with the Connecticut Air National Guard. Thus, their complaint fails to state a claim upon which relief can be granted.

Finally, this Court may grant equitable relief only if it is collateral to, or as an incident of, a judgment for money damages. However, the only military pay statute applicable to them as former non-full time members of the Connecticut Air National Guard is 37 U.S.C. § 206, and Mr. Rempfer and Mr. Dingle cannot obtain a money judgment for duties not actually performed in the Connecticut Air National Guard. Thus, the Court lacks subject matter jurisdiction over their request for equitable relief.

## ARGUMENT

### I. Standard Of Review For A Motion To Dismiss

In ruling on RCFC 12(b) motions, the Court must accept as true the complaint's undisputed factual allegations and construe the facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hamlet v. United States, 873 F.2d 1414, 1416 (Fed. Cir. 1989).

Once jurisdiction is challenged pursuant to RCFC 12(b)(1), a plaintiff cannot rely merely on allegations in the complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. Land v. Dollar, 330 U.S. 731, 735 n.4 (1947); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d at 747. A plaintiff must make only a prima facie showing of jurisdictional facts through the submitted material in order to defeat a motion to dismiss. Raymark Indus., Inc. v. United States, 15 Cl. Ct. 334, 338 (1988) (citing Data Disc., Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

If the undisputed facts reveal any possible basis on which the non-moving party might prevail, the Court must deny the motion. Scheuer, 416 U.S. at 236. However, if the motion challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute. Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991). Any ambiguities regarding the existence of subject matter jurisdiction should be "resolved against the assumption of jurisdiction." Mars v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368, 1373 (Fed. Cir. 1994) (citation omitted).

RCFC 12(b)(6) provides for the dismissal of a complaint based upon failure to state a claim upon which relief can be granted. The Court is not to decide if the plaintiff has alleged a set of facts sufficient to support his claim. Scheuer, 416 U.S. at 236. This Court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-6 (1957); Ponder v. United States, 117 F.3d 549, 552-53 (Fed. Cir. 1997), cert. denied, 522 U.S. 1110 (1998).

## II. The Court Lacks Subject Matter Jurisdiction To Entertain Plaintiffs' Claims

"Subject matter jurisdiction is a threshold matter which must be addressed before the Court reaches the merits of the plaintiff's claims." Deponte Invs., Inc. v. United States, 54 Fed. Cl. 112, 115 (2002) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Hambsch v. United States, 857 F.2d 763, 765 (Fed. Cir. 1988) ("When a court is without jurisdiction to hear a case, it is correspondingly without authority to decide the merits of a case."), cert. denied, 490 U.S. 1054 (1989). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case." Steel Co.

v. Citizens for a Better Env't, 523 U.S. at 94 (quoting Ex Parte McCardle, 74 U.S. 506, 514 (1869).

### A. Mr. Rempfer's And Mr. Dingle's Claims, Brought As Former Members Of The Connecticut Air National Guard, The State Militia, Are Against The State Militia, Not The United States

The United States, "as sovereign, is immune from suit save as it consents to be sued." United States v. Sherwood, 312 U.S. 584, 586 (1941); accord Furash & Company v. United States, 46 Fed. Cl. 518, 520 (2000), aff'd 252 F.3d 1336 (Fed. Cir. 2001). The "'limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" Lehman v. Nakshian, 453 U.S. 156, 161 (1981) (quoting Soriano v. United States, 352 U.S. 270, 276 (1957)); accord NEC Corp v. United States, 806 F.2d 247, 249 (Fed. Cir. 1986). That is, a waiver of the traditional sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969).

The Tucker Act, 28 U.S.C. § 1491, is a waiver of sovereign immunity. Section 1491(a)(1) provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

Accordingly, it is well settled that the jurisdiction of the Court of Claims (and its successors):

> is confined to the rendition of money judgments in suits brought for that relief against the United States . . . and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court, . . . or if its maintenance against private parties is prerequisite to prosecution of the suit against the United States the suit must be dismissed."

United States v. Sherwood, 312 U.S. at 588 (citations omitted).

Mr. Rempfer and Mr. Dingle bring their suit as "former officers and pilots with the Connecticut Air National Guard." Compl. p. 1 & Compl. ¶¶ 1, 2; DA 3,4. In addition to declaratory relief, Mr. Rempfer and Mr. Dingle ask the Court to "reinstate [them] into their former positions with the [Connecticut Air National Guard]." Compl. Prayer for Relief ¶ A. Thus, it is clear from their pleadings, and the relief that they seek, that Mr. Rempfer's and Mr. Dingle's claims are not against the United States, but against the state of Connecticut.

It is uncontroverted that the National Guard is a lineal descendant of the militia; as such, the Constitution reserves to the states the appointment of its officers. U.S. Const., art. I, § 8, cl. 16; see generally, Wiener, The Militia Clause of the Constitution, 54 Harv.L.Rev. 181 (1940). Furthermore, the dual status of a guard officer is set forth clearly in the governing federal regulations:

> The appointment of officers in the Army National Guard is a function of the State concerned, as distinguished from the Federal recognition of such appointment. Upon appointment in the Army National Guard of a State . . . an individual has a State status under which he can function. Such individual acquires a federal status when he is federally recognized and appointed as a Reserve of the Army.

National Guard Regulation (AR) 600-100, 15 April 1994, Commissioned Officers - Federal Recognition And Related Personnel Action, ¶ 2-2.[4]

Similar to every other state, Connecticut has promulgated statutes to effectuate the Governor's role in appointing officers in the Connecticut Air National Guard. Specifically, the Governor is the "commander-in-chief" of the Connecticut National Guard. Conn. Gen. Stats. § 27-14. Pursuant to Connecticut General Statutes § 27-49, it is the Governor who appoints

[4] An extract of this regulation is provided for the Court's convenience at DA 11-14.

officers to the Connecticut National Guard.[5] Thus, to be reinstated in the Connecticut Air National Guard, the Court would have to order the Governor of Connecticut to exercise a function of the state, and appoint Mr. Dingle and Mr. Rempfer as officers in a state organization. This is beyond the Court's jurisdictional authority. See Singleton v. Merit Systems Protection Board, 244 F.3d 1331, 1336 (2001) (holding the MSPB did not have jurisdiction to order the Governor or the Adjutant General of the Ohio National Guard to take action against an Ohio guardsman who was also a National Guard Technician).

It is well settled that members of a state's national guard are not Federal actors. In Maryland v. United States, 381 U.S. 41, 45 n. 5 (1965), vacated on other grounds, 382 U.S. 159 (1965), the Supreme Court approved a line of cases which held that military members of the Guard are state employees. A member of Connecticut Air National Guard does not become a Federal actor, or come under the control of the United States until "they are formally called into the military service of the United States." Clark v. United States, 322 F.3d 1358, 1366 (Fed. Cir. 2003). It is for this reason that "a member of a National Guard unit not in active federal service is not, insofar as his military capacity with the Guard is concerned, a federal employee for the purposes of the Back Pay Act." Gnagy v. United States, 225 Ct. Cl. 242, 634 F.2d 574, 579 (1980). The reasoning of Gnagy is directly applicable here: a member of the Connecticut Air National Guard, not in active federal service, is not a Federal actor for the purposes of the Tucker Act.

---

[5] Conn. Gen. Stats. § 27-49 provides in relevant part:

> Officers of the national guard and naval militia shall be appointed by the governor, subject to the procedure prescribed in regulations of the department of defense relating to the national guard and naval militia.

Mr. Rempfer and Mr. Dingle have never alleged that they were ever "called into the military service of the United States." Indeed, their discharge orders from the Connecticut Air National Guard were signed "by the order of the Governor." DA 3, 4. Furthermore, the relief they seek makes clear they were wearing their "state militia hat" when they were subject to the order to be inoculated with the anthrax vaccine. See Perpich v. Dep't of Defense, 496 U.S. 334, 347 (1990) (explaining that National Guard members keep three hats in their closets--a "civilian hat, a state militia hat, and an army hat"). Significantly, only one hat can be "worn at any one time." Id. Therefore, because Mr. Rempfer and Mr. Dingle are challenging orders they received as officers of the Connecticut Air National Guard, and the relief they seek is reinstatement in the Connecticut Air National Guard, their suit is not against the United States. Accordingly, this Court lacks jurisdiction to entertain their claims and their complaint must be dismissed.

**B. Mr. Rempfer And Mr. Dingle Voluntarily Separated From The Connecticut Air National Guard**

In order to properly state a claim under 28 U.S.C. § 1491 in this Court, a plaintiff must point to "a substantive right in the Constitution, an act of Congress, or an executive department regulation on which to base his claim. Dehne v. United States, 970 F.2d 890, 893 (Fed. Cir. 1992). The substantive right alleged must be one that mandates the payment of money. Id., citing United States v. Mitchell, 463 U.S. 206, 216-217 (1983); United States v. Testan, 424 U.S. 392, 400 (1976). The United States Court of Appeals for the Federal Circuit has repeatedly held that this Court lacks jurisdiction to review back pay claims under the Tucker Act if a military member voluntarily leaves the service. Carmichael v. United States, 298 F.3d 1367, 1371 (Fed. Cir. 2002); see also Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); Tippett v. United States, 185 F.3d 1250, 1255 (Fed. Cir. 1999); Adkins v. United States, 68 F.3d 1317,

1321 (Fed. Cir. 1995); Sammt v. United States, 780 F.2d 31, 33 (Fed. Cir. 1985). In this case, Mr. Rempfer submitted a request for transfer to the Air Force Reserve, which resulted in his voluntary discharge from the Connecticut Air National Guard on March 11, 1999. DA 1-3. Likewise, Mr. Dingle was voluntarily discharged from the Connecticut Air National Guard, effective April 3, 1999, pursuant to his request for transfer to the Air Force Reserve. DA 4.

Resignations and retirements are presumed to be voluntary and the plaintiffs bear the burden of establishing that the separation was involuntary. Tippett v. United States, 185 F.3d at 1255; Christie v. United States, 207 Ct. Cl. 333, 338, 518 F.2d 584, 587 (1975). See also Moody v. United States, 58 Fed. Cl. 522, 524 (2003); Heaphy v. United States, 23 Cl. Ct. 697, 700 (1991) (table), aff'd, 972 F.2d 1355 (Fed. Cir. 1992). Determination of whether a separation is voluntary requires an examination of all of the surrounding facts and circumstances. Covington v. Dep't of Human Health and Human Servs., 750 F.2d 937, 941-42 (Fed. Cir. 1984).
Mr. Rempfer and Mr. Dingle allege that their separations were not voluntary, as they were "required to resign their commissions as CT ANG officers . . . [and] although they resisted, they were constructively discharged." Compl. at ¶ 13. Allegedly, they were "forced out of the CT ANG simply because of their stance against the anthrax vaccine, and their refusal to be inoculated." Compl. at ¶ 15. According to the plaintiffs, "[r]efusing to comply with orders to take the [anthrax vaccine] inoculations subjected [them] to military disciplinary actions, including courts-martial or administrative discharges." Compl. at ¶ 7. However, these circumstances, even if true, do not overcome the presumption that their separations were voluntary, as merely facing "unattractive options" does not make their separations any less voluntary. Dorrall v. Dep't of the Army, 301 F.3d 1375, 1361 (Fed. Cir. 2002). "This governing principle holds true even where a resignation is offered to avoid a court-martial or other serious

discipline." Moody v. United States, 58 Fed. Cl. at 524. See Scarseth v. United States, 52 Fed. Cl. 458, 468 (2002) (finding no jurisdiction when plaintiff resigned in face of impending court-martial); Gallucci v. United States, 41 Fed. Cl. 631, 645 (1998) (finding no jurisdiction when plaintiff resigned in the face of a recommendation for administrative discharge); Brown v. United States, 30 Fed. Cl. 227, 229-230 (1993) (finding no jurisdiction when plaintiff resigned "for the good of the service" after being recommended for court-martial), aff'd, 26 F.3d 139 (Fed. Cir. 1994) (table). Based upon the facts as alleged by Mr. Rempfer and Mr. Dingle, their separations from the Connecticut Air National Guard were voluntary and, thus, the Court lacks jurisdiction over their claims.[6]

### C. Mr. Rempfer's Claims Are Barred By The Statute of Limitations

"Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1992). It is well settled that this six-year statute of limitations is jurisdictional, thus, compliance with § 2501 is one of the terms and conditions upon which the United States has waived its sovereign immunity and consented to suit. United States v. Kubrick, 444 U.S. 111, 117 (1979); United States v. Sherwood, 312 U.S. at 586 ("The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."); Hart v. United States, 910 F.2d 815, 817-18 (Fed. Cir. 1990). "Compliance with the statute of limitations, in this court, is an explicit jurisdictional prerequisite for the commencement of suit." Coon v. United States, 30

[6] Moreover, Mr. Dingle has subsequently voluntarily retired from the Air Force Reserve. In a letter dated April 9, 2002, Mr. Dingle was notified that he had completed the required years of service for eligibility to retired pay upon reaching age 60. DA 5. In response, Mr. Dingle submitted an AF Form 131, "Application for Transfer to the Retired Reserve," dated March 21, 2003. DA 6. His request was approved and he was relieved from his Air Force Reserve assignment and assigned to the Retired Reserve, effective June 28, 2003. DA 7.

Fed. Cl. 531, 534, aff'd, 41 F.3d 1520 (Fed. Cir. 1994); Bevelheimer v. United States, 4 Cl. Ct. 558, 561 (1984) ("The statute of limitations is to be interpreted in light of its function of giving consent for the government to be sued."); Parker v. United States, 2 Cl. Ct. 399, 402 (1983). Accordingly, section 2501 is strictly construed and this Court cannot waive compliance with its provisions. Rickelshaus v. Sierra Club, 463 U.S. 680, 605 (1983); Soriano v. United States, 352 U.S. 270, 273-74 (1957).

To prove that his claim is not time barred, Mr. Rempfer must show that his "claim accrued within six years of the filing of the complaint." Martinez v. United States, 48 Fed. Cl. 851, 857 (2001), aff'd, 281 F.3d 1376 (Fed. Cir. 2002). For the purposes of section 2501, a cause of action accrues "when all events which fix the government's liability have occurred and the plaintiff was or should have been aware of their existence." Hopland Band of Pomo Indians v. United States, 855 F.2d 1573, 1576-77 (Fed. Cir. 1988). See also Colon v. United States, 35 Fed. Cl. 515, 517-18 (1996). "Stated differently, a claim has accrued when the last event transpires that gives plaintiff a cause of action." Adams v. United States, 46 Fed. Cl. 834, 838, aff'd, 243 F.3d 560 (Fed. Cir. 2000), cert. denied, 533 U.S. 961 (2001).

Mr. Rempfer was discharged from the Connecticut Air National Guard on March 11, 1999. The Federal Circuit specifically established a bright line rule that "a claim based on an alleged unlawful discharge from the military service accrues on the date of discharge." Hurick v. Lehman, 782 F.2d 984, 986 (Fed. Cir. 1986), citing Wilson v. United States, 231 Ct. Cl. 958 (1982)); Bonen v. United States, 229 Ct. Cl. 144, 666 F.2d 536, cert. denied, 456 U.S. 991 (1981), Kirby v. United States, 201 Ct. Cl. 527 (1973), cert. denied, 417 U.S. 919 (1974). Thus, Mr. Rempfer's cause of action accrued on March 11, 1999, and thus, he had until March 11,

2005 to file his complaint. However, Mr. Rempfer filed his claim on March 23, 2005, and therefore, his claim is time-barred.

## III. Mr. Rempfer And Mr. Dingle's Claim For Reinstatement And Full Compensation Fails To State A Claim Because They Are Not Entitled To Military Pay As Former Members Of The National Guard

The jurisdiction of the Court of Federal Claims to entertain claims and grant relief is dependent upon, and strictly limited to, the extent to which the United States has waived its sovereign immunity. United States v. Testan, 424 U.S. at 399. A waiver of sovereign immunity and, hence, consent for the United States to be sued in the Court of Federal Claims, "cannot be implied and must be unequivocally expressed." United States v. King, 395 U.S. at 1 (citing United States v. Sherwood, 312 U.S. 584, 586 (1941)); see also Testan, 424 U.S. at 399. Accordingly, any grant of jurisdiction to the Court of Federal Claims must be construed strictly, and all conditions placed upon such a grant must be satisfied before the Court may accept jurisdiction. Library of Congress v. Shaw, 478 U.S. 310 (1986); Cosmic Constr. Co. v United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982).

For this Court to have jurisdiction, Mr. Rempfer and Mr. Dingle must establish an explicit constitutional, statutory, or regulatory provision granting them the right to the payment of money by the United States, in addition to the Tucker Act, in order to invoke the Court's jurisdiction. Khan v. United States, 201 F.3d 1375, 1377 (Fed. Cir. 2000); Tippett v. United States, 185 F.3d at 1254-55. Merely requesting money damages, however, does not satisfy the money-mandating criterion, as there must be a statute, regulation, or contract that specifically allows the monetary relief plaintiff requests. See New York Life Ins. Co. v. United States, 118 F.3d 1553, 1556 (Fed. Cir. 1997), cert. denied, 523 U.S. 1094 (1998).

In this case, Mr. Rempfer and Mr. Dingle base the Court's jurisdiction "under the Administrative Procedure Act, 5 U.S.C. § 702, the Declaratory Judgment Act, 28 U.S.C. § 2201, and under 28 U.S.C. §§ 1331, 1346, 1491." Compl. at ¶ 4. However, none of these are money mandating statutes.

The Administrative Procedure Act does not mandate money damages. Cottrell v. United States, 42 Fed. Cl. 144, 152 (1998). As noted by the Federal Circuit, "clear precedent exists that the APA is not a jurisdictional statute and does not confer jurisdiction on a court not already possessing it." National Corn Growers Ass'n v. Baker, 840 F.2d 1547, 1559 (Fed. Cir. 1988) (quoting American Air Parcel Forwarding Co., Ltd. V. United States, 718 F.2d 1546, 1552 (Fed. Cir. 1983), cert. denied, 466 U.S. 937 (1984)). See also Murphy v. United States, 993 F.2d 871, 874 (Fed. Cir. 1993) ("The [Court of Federal Claims] has no authority to invoke the APA."). Neither is the Declaratory Judgment Act a money mandating statute. While this Court clearly has the authority to award monetary relief based on legal claims, it does not have the authority to grant primarily equitable relief. Bowen v. Massachusetts, 487 U.S. 879, 905 (1988). A limited exception may apply to the bar on equitable relief, as equitable relief is available pursuant to the Tucker Act if it is "an incident of and collateral to" a claim for money damages. 28 U.S.C. § 1491(a)(2); Bobula v. Department of Justice, 970 F.2d 854, 859 (Fed. Cir. 1992). Where a plaintiff seeks "relief other than money damages," however, its action ordinarily does not belong in this Court. Bowen, 487 U.S. at 904-08; Katz v. Cisneros, 16 F.3d 1204, 1208 (Fed. Cir. 1994). In short, the Court has no authority to enter a declaratory judgment unless it is tied to and subordinated to a preexisting monetary claim.

It is clear that 28 U.S.C. § 1331 only confers jurisdiction in district courts, not in the Court of Federal Claims. Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997);

Faulkner v. United States, 43 Fed. Cl. 54, 55 (1999). Moreover, § 1331 "do[es] not create any substantive right enforceable against the United States for money damages." Hernandez v. United States, 38 Fed. Cl. 532, 537-38 (1997). Similarly, 28 U.S.C. § 1346 and 28 U.S.C. § 1491 do not create any substantive right enforceable against the United States for money damages. United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Litzenberger v. United States, 89 F.3d 818, 820 (Fed. Cir. 1996); Trayco, Inc. v. United States, 994 F.2d 832, 837 (1993) (citing United States v. Testan, 424 U.S. at 398).

In their complaint, Mr. Rempfer and Mr. Dingle request that the Court provide them "full compensation" for being discharged from the Connecticut Air National Guard. Compl. at page 7. Such compensation is allegedly based upon 37 U.S.C. § 204 or 5 U.S.C. § 5596. Compl. at ¶¶ 22, 27, 31. However, 5 U.S.C. § 5596 is not a proper money mandating statute, as members of the Air National Guard are not federal employees as required by this statute. Dehne v. United States, 970 F.2d at 892; Gnagy v. United States, 634 F.2d at 579.

"The military pay statutes, the military's administration of those statutes, and [Federal Circuit] precedents recognize that there are two basic categories of pay entitlements for military service." Palmer v. United States, 168 F.3d 1310, 1313 (Fed. Cir. 1999). One category is for members of the armed services serving on active duty, as well as National Guard members serving full-time. These members, if wrongfully separated from service, are entitled to pay and allowances under 37 U.S.C. § 204, which serves as the money mandating statute for Tucker Act jurisdiction. Palmer v. United States, 168 F.3d at 1313-14 (citing Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997); Sanders v. United States, 219 Ct. Cl. 285, 594 F.2d 804, 810-11 (Ct. Cl. 1979) (en banc). The second category applies to members of the National Guard and Reserve who are not in full-time active duty service. These "part-time" military members

are entitled to pay and allowances pursuant to 37 U.S.C. § 206 for duty or training actually performed. Palmer v. United States, 168 F.3d at 1314. See also Greene v. United States, 2005 WL 1023514, at *5-6 (Fed. Cl. Apr. 29, 2005).

Mr. Rempfer and Mr. Dingle, as former members of the Connecticut Air National Guard who were not in full-time status, cannot invoke 37 U.S.C. § 204 as their money mandating statute. Therefore, at best, 37 U.S.C. § 206 is the only military pay statute applicable to them. However, in order for their back pay entitlement claim to survive a motion to dismiss, "the claim must be based on duty actually performed." Greene v. United States, 2005 WL 1023514, at *6. See Palmer v. United States, 168 F.3d at 1313-14 (a member serving on part-time duty has no lawful claim for unattended drills or unperformed training duty); Dehne v. United States, 970 F.2d at 894 ("[plaintiff] can point to no statute or regulation that mandates pay for service never actually performed by a member of the Air National Guard of the United States."); Pohanic v. United States, 48 Fed. Cl. 166, 167-68 (2000). "Thus section 206(a) mandates pay for regular periods of instruction, periods of appropriate duty, and for performance of other equivalent duties. The statute mandates compensation for constructive performance only for instruction missed due to some physical disabilities." Reeves v. United States, 49 Fed. Cl. 560, 566 (2001) (quoting Dehne v. United States, 970 F.2d at 893).

Mr. Rempfer and Mr. Dingle are not asserting a claim for actual duty performed with the Connecticut Air National Guard . Thus, their complaint must be dismissed for failing to state a claim on which relief can be granted. Fisher v. United States, 402 F.3d 1167, 1175-76 (Fed. Cir. 2005).

## IV. Mr. Rempfer's And Mr. Dingle's Request For Declaratory Relief Is Not An Incident Of And Collaterol To A Judgment For Money Damages

As part of their requested relief, Mr. Rempfer and Mr. Dingle request: (1) reinstatement into their former positions with the Connecticut Air National Guard; (2) a declaration that anthrax vaccine as used by the defendant, is an investigational new drug; (3) a declaration that anthrax vaccine was an investigational new drug status when they were ordered to receive AVA inoculations; and, (4) a declaration that the order for them to receive anthrax vaccine inoculation was unlawful. Compl. at pages 7-8. Clearly, this is not monetary relief they are seeking, but equitable relief, pure and unadorned.

Subject matter jurisdiction properly exists in this Court only if a plaintiff can demonstrate that a substantive right exists elsewhere, such as a contract or "money-mandating" provision of law." United States v. Testan, 424 U.S. at 398. As previously discussed, this Court may grant equitable relief pursuant to the Tucker Act only if it is "an incident of and collateral to" a claim for money damages. 28 U.S.C. § 1491(a)(2); Bobula v. Department of Justice, 970 F.2d at 859. "Stated another way, the Court of Federal Claims has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998)(quoting Austin v. United States, 206 Ct. Cl. 719, 723 (1975); Katz v. Cisneros, 16 F.3d 1204, 1208 (Fed. Cir. 1994).

Mr. Rempfer's and Mr. Dingle seek back pay for being forced out of the Connecticut Air National Guard . However, as non-full time Air National Guard members, they are not entitled to a money judgment for duties not actually performed. Thus, because Mr. Rempfer and Mr. Dingle can cite to no money mandating statute entitling them to a pay remedy, the Court also cannot grant their requested equitable remedies. Pohanic v. United States, 48 Fed. Cl. at 168

(citing Palmer v. United States, 168 F.3d at 1314); Hunt v. United States, 52 Fed. Cl. 810, 813 (2002) (legal entitlement to pay pursuant to 37 U.S.C. § 206 is extinguished even for a wrongful discharge), aff'd, 62 Fed. Appx. 933 (Fed. Cir. 2003).

## CONCLUSION

For the reasons stated above, we respectfully request the Court dismiss the claims of Mr. Rempfer and Mr. Dingle for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). In the alternative, we request the Court dismiss their complaint for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella by Bryant G. Snee
JAMES M. KINSELLA
Deputy Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Facsimile: (202) 353-7988

Of Counsel:
LT COL P. CHRISTOPHER CLARK
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

May 20, 2005

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on May 20, 2005, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" with its accompanying appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle