No. 05-396C
(Judge Mary Ellen Coster Williams)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

THOMAS L. REMPFER and RUSSELL E. D1NGLE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

---

**PLAINTIFFS' MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW COME the plaintiffs, by and through their undersigned counsel, to respectfully seek a transfer of this case to the U.S. District Court for the District of Columbia.

Plaintiffs' counsel discussed this request with defendant's counsel who indicated the Government opposes this Motion.

The granting of this motion shall not result in the continuance of any hearing, conference or trial. A Memorandum of Law and a proposed Order accompanies this Motion.

Date: September 27, 2005

Respectfully submitted,

s/Mark S. Zaid

Mark S. Zaid, Esq.
DC Bar # 440532
Krieger & Zaid, PLLC
1920 N Street, N.W., Suite 300
Washington, DC 20036
(202) 454-2809
(202) 293-4827 fax
ZaidMS@aol.com

No. 05-396C
(Judge Mary Ellen Coster Williams)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THOMAS L. REMPFER and RUSSELL E. D1NGLE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO TRANSFER VENUE OR, ALTERNATIVELY, OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiffs Captain Thomas L. Rempfer ("Capt. Rempfer") and Major Russell E. Dingle ("Maj. Dingle"),[1] while officers serving within the Connecticut Air National Guard ("CT ANG"), suffered harm as a result of the Defendant United States' efforts to involuntarily and unlawfully inoculate them with the anthrax vaccine pursuant to the Anthrax Vaccine Immunization Program ("AVIP"). Although they initially brought their claims before this Court they now respectfully seek to have their action transferred to the U.S. District Court for the District of Columbia.

The AVIP was a program wholly created and implemented by the United States Government through the Department of Defense ("DoD"). The National Guard units, to include the CT ANG, were required without question to obey the orders of the Secretary of Defense and leadership of the Departments of the Army and Air Force.

Notwithstanding the fact that the AVIP program and the orders that emanated from therein were unlawful, due to the unlicensed status of the vaccine being utilized, failure to submit to inoculations led to punishments as severe as incarceration.

In opposing the AVIP the plaintiffs were retaliated against and suffered harm as a result. This action was designed to restore, in whole or in part, what was lost as a result.

**PROCEDURAL BACKGROUND**

The plaintiffs filed this Complaint on March 23, 2005, seeking: (1) reinstatement to the CT ANG; (2) back pay and other compensation for financial losses they suffered as a result of allegedly being forced out of the CT ANG; (3) a declaration that anthrax vaccine is an investigational new drug pursuant to 10 U.S.C. § 1107, Executive Order 13139, and Department of Defense Directive 6200.2; (4) a declaration that the anthrax vaccine was an investigational new drug at the time of the inoculation order; (5) a declaration that the anthrax vaccine inoculation order was unlawful; (6) an award of fees and costs; and (7) any other relief the Court finds appropriate. See Complaint at 7-8 (filed March 23, 2005). The stated basis for jurisdiction was the Administrative Procedure Act ("APA"), 5 U.S.C. § 702; the Declaratory Judgment Act, 28 U.S.C. § 2201; and 28 U.S.C. §§ 1331 ("Federal Question"), 1346 ("Little Tucker Act"), and 1491 ("Big Tucker Act"). See Complaint at 2.

The Government filed a Motion to Dismiss on May 20, 2005, contesting the jurisdiction of this Court on a variety of levels. After considering the arguments and reviewing their options, rather than attempt to expend significant time and resources of the Court and the parties in order to resolve the jurisdictional dispute, the plaintiffs

---

[1] Maj. Dingle passed away on September 4, 2005, and it is planned to have the Executor of his Estate substituted in his place shortly.

believe that the interests of justice justify transferring this matter to the U.S. District Court for the District of Columbia ("District Court") where there is no question that jurisdiction lies.[2]

**ARGUMENT**

**I. THE INTERESTS OF JUSTICE SUPPORT TRANSFER OF VENUE**

For the purposes of the transfer portion of this Motion only, the plaintiffs will presume that this Court lacks jurisdiction over their claims as asserted by the Government. Given that presumption, the law and facts support a transfer of this case to District Court.

As the Government notes, this Court only possesses jurisdiction to entertain claims against the United States. 28 U.S.C. § 1491. See Defendant's Motion to Dismiss at 5 (filed May 20, 2005)("Govt Mot").

The Big *Tucker Act* confers jurisdiction on the Court of Federal Claims "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212, (1983). The Big *Tucker Act* supplies consent, constituting a waiver of sovereign immunity. Id. However, the Tucker Act does not create a substantive right enforceable against the United States. United States v. Testan, 424 U.S. 392, 398 (176). The claimant

[2] While this Motion is primarily designed to secure a transfer of venue, for preservation purposes the plaintiffs submit it alternatively as an Opposition to the Government's Motion to Dismiss so that the Court does not view that Motion as conceded

must identify another source of law that creates the substantive right and demonstrate that the source of law mandates compensation. Mitchell, 463 U.S. at 216-17. The Supreme Court held in Mitchell that "the court must inquire whether the source of substantive law can fairly be interpreted as mandating" monetary compensation from the government. Id. at 218.

In Fisher v. United States, 364 F.3d 1372, 1377 (Fed. Cir. 2004), the Court of Appeals recognized a new test for determining whether the Court of Federal Claims has jurisdiction to address the merits of a suit under the Tucker Act. "The new test clearly lowers the threshold for establishing that a statute or regulation is money-mandating, for it replaces a normal 'fairly interpreted' test with a less-demanding test of 'reasonable amenability' based on 'fair inferences.'" Id., citing United States v. White Mountain Apache Tribe, 537 U.S. 465, 472-73 (2003). "Thus, under White Mountain, when a *Tucker Act* plaintiff makes a non-frivolous allegation that a particular statute is reasonably amenable, with fair inferences drawn, to a reading that it mandates money damages, a basis for jurisdiction is stated." Id.

District courts have concurrent jurisdiction with the Court of Federal Claims in most *Tucker Act* cases in which the plaintiffs are seeking less than $ 10,000 in monetary relief. 28 U.S.C. § 1346(a)(2)("Little Tucker Act"). See Calloway v. Brownlee, 366 F.Supp.2d 43, 50 (D.D.C. 2005). Of course, the District Court has jurisdiction over claims brought pursuant to the APA, 5 U.S.C. § 701, et. seq. (2000), which provides for judicial review of agency actions in the United States district courts. Section 702 of title 5 provides that a person "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute" is entitled to judicial review of such action. See Smith v. Sec'y of the Army, 384 F.3d 1288, 1291 (Fed. Cir.

2004). Given clear APA jurisdiction, the District Court can then grant additional relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. See Simi Inv. Co. v. Harris County, 236 F.3d 240, 247 (5th Cir. 2000).[3]

Transfer of this action is entirely appropriate pursuant to the federal transfer statute, 28 U.S.C. § 1631, which states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Transfer under 28 U.S.C. § 1631 is appropriate if three conditions are met: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interests of justice." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001).

As stated above, given the Government's arguments, for purposes of this Motion the plaintiffs presume that (1) is met. As the U.S. District Court has jurisdiction over APA, declaratory judgment and Little Tucker Act claims, (2) is met as well.[4] Finally, the

[3] The declaratory relief sought regarding the unlawful administration of the AVIP is identical to that which has already been favorably addressed by the U.S. District Court for the District of Columbia in John Doe #1 et al. v. DoD et al., 341 F. Supp. 2d 1 (D.D.C. 2004)(appeal pending).

[4] To the extent the plaintiffs' claim for back pay and other compensation can be construed as seeking monetary damages in excess of $10,000, the plaintiffs explicitly waive any claim to monetary recovery over $10,000. The law is well-settled in the D.C. Circuit that Tucker Act jurisdiction can be waived. See Stone v. United States, 683 F.2d 449, 451 (D.C.Cir. 1982). In any event, it is the plaintiffs' contention that any monetary benefits that would flow to them would come not from the district court's jurisdiction but "from the structure of statutory and regulatory requirements governing compensation…." Bublitz v. Brownlee, 309 F.Supp. 2d 1, 8 (D.D.C. 2004)(quotation omitted). Thus, jurisdiction is proper within the district court.

interests of justice merit transfer because some of the claims in the current Complaint, based on the Government's arguments, see Govt Mot. at 4 (noting Dingle needed to file case by April 3, 2005, and Rempfer by March 11, 2005, which is an inaccurate date as explained below), would be time barred if filed now. That alone is a basis to demonstrate the existence of "interests of justice." See Tex. Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005), quoting Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)("'A compelling reason for transfer is that the [plaintiff], whose case if transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferor court . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court.'").

This court has not hesitated to transfer similar cases to this one pursuant to the federal transfer statute. See e.g., Gethers v. United States, 2004 U.S. Claims LEXIS 334 at *22 (Dec. 10, 2004). Nor has the D.C. Circuit and District Court been hesitant to exercise jurisdiction over similar claims and reject the Government's transfer requests. See e.g., Kidwell v. Dep't of the Army, 56 F.3d 279, 284 (D.C. Cir. 1995)(rejecting Government's attempt to transfer case from district court to Court of Federal Claims); Calloway, 366 F.Supp.2d at 51-52 (same).

Finally, since the filing of the initial Complaint, the Air Force Board for Correction of Military Records ("AFBCMR") issued a final decision on April 25, 2005, with respect to Captain Rempfer's claims. That decision will be substantively challenged under the APA through an Amended Complaint in this case. Of course, the District Court will have jurisdiction over such a challenge. See Mitchell v. United States, 930 F.2d 893, 895 (Fed. Cir. 1991)(5 U.S.C. § 704 provides judicial review over final agency action). Additionally, because the AFBCMR has not yet ruled in Maj. Dingle's case despite a lengthy period of time in which to consider the claims, an additional APA claim will also be filed on the basis of "unreasonable delay" pursuant to 5 U.S.C. § 706(1), which also falls within the jurisdiction of the District Court.

Therefore, it is in the interests of justice to transfer this case to the District Court.

## II. CAPTAIN REMPER'S CLAIMS ARE NOT TIME BARRED

The Government also asserts that Capt. Remper's claims are completely time barred because he filed outside of the six year statute of limitations. See Govt. Mot. at 13-15. The basis for that contention was the mistaken notion that "Mr. Rempfer was discharged from the Connecticut Air National Guard on March 11, 1999." Id. at 13. However, the discharge order relied upon by the Government was subsequently amended to correct the error. Capt. Rempfer was actually discharged from the CT ANG on March 25, 1999. See Exhibit "A".

Therefore, given he filed this case on March 23, 2006, his claims were timely.[5]

## CONCLUSION

Based on the foregoing, the plaintiffs' Motion should be granted and this action should be transferred to the U.S. District Court for the District of Columbia.

Date: September 27, 2005

Respectfully submitted,

s/Mark S. Zaid

______________________________

Mark S. Zaid, Esq.
D.C. Bar #440532
Krieger & Zaid, PLLC
1920 N Street, N.W., Suite 300
Washington, DC 20036
(202) 454-2809
(202) 293-4827 fax
ZaidMS@aol.com

Attorney For Plaintiffs

[5] Prior to the filing of this Motion, plaintiffs' counsel provided the Government with a copy of the amended discharge record and requested that it withdraw the limitations defense. Government counsel responded that the Defendant is verifying the order and that it will notify the Court in the very near future if it is withdrawing the statute of limitations argument.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of September 2005, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Mark S. Zaid

Mark S. Zaid, Esq.

# EXHIBIT "A"

| TO: | FROM: | TELEPHONE |
|---|---|---|
| JFH-CT | JFH-CT/DPA | 860-878-6740 |

THE FOLLOWING ORDER IS: ☒ AMENDED AS SHOWN IN ITEM 6 ( ☐ Rescinded ☐ Revoked ☐ Totally ☒ In Part)

IDENTIFICATION OF ORDER BEING CHANGED *(Issued by this Headquarters unless otherwise stated in Item 6.)*

| 1. BASIC ORDER | | | | 2. PREVIOUSLY AMENDED BY | | |
|---|---|---|---|---|---|---|
| A. PARA | B. ORDER *(Type and Number)* | C. DATE | D. TED ☐ PCS WITH PCA *(EDCSA)* ☐ PCS WITHOUT PCA | A. PARA | B. ORDER *(Type and Number)* | C. DATE |
| | AD-048 | 19990223 | | | | |

3. RELATING TO *(TDY, PCS, Short Tour of AD, etc.)*

Discharge Order

4. IDENTIFICATION OF INDIVIDUALS TO WHOM CHANGE ACTION PERTAINS

| A. GRADE | B. LAST NAME, FIRST, MIDDLE INITIAL | C. SSAN OR CIVILIAN POSITION TITLE | D. ORGANIZATION |
|---|---|---|---|
| CPT | Rempfer, Thomas L. | [redacted] | 118th Fighter Squadron |

5. AMENDMENT *(Identify item in order being amended)*

| A. ITEM | AS READS | IS AMENDED TO READ |
|---|---|---|
| Line 4 | HD from CTANG effective: 11 Mar 99 and transferred to 9001st ARS, Denver, CO 06093, effective 12 Mar 99. | HD from CTANG effective: 25 Mar 99 and transferred to ESC/FXE, Hanscom, MA 01731 effective: 26 Mar 99. |

| B. ITEM | IS AMENDED TO *(Include) (Delete)* |
|---|---|
| | |

6. REMARKS

7. ACCOUNTING CITATION

| 8. DATE | 9. ISSUING/APPROVING OFFICIAL *(Typed name, grade, and title)* | 10. SIGNATURE |
|---|---|---|
| 20050623 | TONI M. MARTUCCI, MSGT, CTANG<br>Military Personnel Technician | Toni M Martucci |

| 11. DESIGNATION AND LOCATION OF HEADQUARTERS | 12. ORDER *(Type and Number)* | 13. DATE |
|---|---|---|
| **DEPARTMENT OF THE AIR FORCE**<br>STATE OF CONNECTICUT, MILITARY DEPARTMENT<br>OFFICE OF THE ADJUTANT GENERAL<br>NATIONAL GUARD ARMORY, HARTFORD, CT 06105 | AD-100<br>14. TDN<br>BY ORDER OF THE GOVERNOR | 20050623 |

| 15. DISTRIBUTION | 16. SIGNATURE ELEMENT OF ORDERS AUTHENTICATING OFFICIAL |
|---|---|
| "B" | THOMAS G. HEATH, COL, CTANG<br>Executive Support Staff Officer |

AF IMT 973, 19831001, V4 PREVIOUS EDITION WILL BE USED.

TOTAL P.02