**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **THOMAS L. REMPFER** | ) | |
| **and** | ) | |
| **RUSSELL E. DINGLE,** | ) | |
| **Plaintiffs,** | ) | **No. 05-396C** |
| | ) | **(Judge Mary Ellen Coster Williams)** |
| **v.** | ) | |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER THEIR COMPLAINT, AND REPLY TO PLAINTIFFS' RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS WITH APPENDIX**

In our opening motion, the United States demonstrated that plaintiffs' complaint should be dismissed pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") because the Court lacks subject matter jurisdiction to entertain their claims. As we demonstrated, Mr. Rempfer's and Mr. Dingle's complaint must be dismissed because their claims, if any, are claims as members of the Connecticut Air National Guard, which is the state of Connecticut's militia, and not the United States. We then established that even if the defendant was the United States, because both Mr. Rempfer and Mr. Dingle requested separation from the Connecticut Air National Guard, the Court lacks jurisdiction to review their claims for back pay because claims made by military members who voluntarily leave the service are barred.[1]

[1] The United States also argued that Mr. Rempfer's claim was jurisdictionally barred by the statute of limitations. Since filing our motion on May 20, 2005, we were provided with a new document from the Connecticut Air National Guard, dated June 23, 2005, indicating Mr. Rempfer's date of release from the state militia was amended to March 25,1999. Thus, it appears Mr. Rempfer's claim is no longer barred by the statute of limitations. Accordingly, the Government withdraws that argument.

In the alternative, the Government explained that the back pay claims of Mr. Rempfer and Mr. Dingle also fail to state any claim upon which relief can be granted because as former members of the Connecticut Air National Guard, Mr. Rempfer and Mr. Dingle are not entitled to pay for drills which they did not attend or training duty which they did not perform. We then explained that, since Mr. Rempfer and Mr. Dingle are not entitled to a money-judgment in this Court, their claims for declaratory relief are barred because they are not incident of, and collateral to, any monetary relief.

In their response,[2] Mr. Dingle and Mr. Rempfer do not contest the legal assertions we raised in our opening brief. Instead they now argue that their claims, to include their claims for back pay and other money damages, should be transferred in the interests of justice to the district court, "where there is no question that jurisdiction lies." Pl. Resp. 3. To ensure the district court would maintain jurisdiction to entertain their back pay claims pursuant to 28 U.S.C. § 1346(a)(2),[3] Mr. Rempfer and Mr. Dingle "explicitly waive any claim to monetary recovery over $10,000." Pl. Resp. p. 5, FN 4. Thus, at bottom, Mr. Rempfer's and Mr. Dingle's response merely states that they are still seeking money damages, and that they simply want the district court, instead of this Court, to entertain their claims.

Transfer of this case is not in the "interest of justice," however, because Mr. Rempfer and Mr. Dingle are still seeking back pay damages and, thus, their claims, whether made pursuant to

---

[2] Mr. Rempfer's and Mr. Dingle's response, entitled Plaintiffs' Memorandum In Support Of Their Motion To Transfer Venue Or, Alternatively, Opposition To Defendant's Motion To Dismiss was filed on September 27, 2005, and will be referred to in this reply as "Pl. Resp."

[3] Section 1346(a)(2), commonly known as the Little Tucker Act, provides "district courts shall have original jurisdiction ... of [any nontort] civil action or claim against the United States, not exceeding $10,000 . . . ." See Banks v. Garrett, 901 F.2d 1084, 1086-87 (Fed. Cir. 1990).

the Big Tucker Act, 28 U.S.C. § 1491(a)(1),[4] or the Little Tucker Act, 28 U.S.C. § 1491(a)(2), still fail when binding Federal Circuit precedent is applied to their claims. This is because the Federal Circuit still maintains "exclusive jurisdiction over 'an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C.] section 1346.'" Banks v. Garrett, 901 F.2d at 1086. See also Adams v. Hinchman, 154 F.3d 420, 425 (D.C. Cir. 1998). Accordingly, for the same reasons we articulated in our opening brief that mandates dismissal of Mr. Rempfer's and Mr. Dingle's claims for back pay in this Court, the district court would also be required to dismiss their claims for back pay. Thus, it is difficult to see how transfer in this case would be "in the interest of justice" or not require an expenditure of "significant time and resources" if the results they would achieve in district court would be the same as if here, dismissal of their money claims.

Accordingly, this Court should dismiss Mr. Rempfer's and Mr. Dingle's claims for money damages. Transfer at this point in the litigation is not in the interest of justice, and plaintiffs' request should be rejected.

## ARGUMENT

### I. Tucker Act Claims, Whether Adjudicated In This Court Or In District Court, Are Based Upon The Substantive Law Of The Federal Circuit

The Federal Circuit "shall have exclusive jurisdiction . . . of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or in part, on section 1346 of this title [the Little Tucker Act]." 28 U.S.C. § 1295(a). Thus, if jurisdiction of the district court is based, at least in part, upon the Little Tucker Act, as Mr. Rempfer and Mr. Dingle explicitly state would be the case, then Federal Circuit law must be

[4] Mr. Rempfer and Mr. Dingle correctly note that the Big Tucker Act confers jurisdiction upon this Court to entertain money claims. Pl. Resp. p. 3.

applied because that is where any appeal of their case would arise. See United States v. Hohri, 482 U.S. 64 (1987). Accordingly, because Federal Circuit law applies to Tucker Act claims in the district court, the law as set forth in our opening brief would equally apply to bar their claims in district court, as it does in this Court.

**A. The District Court Would Lack Authority To Entertain Mr. Rempfer's And Mr. Dingle's Claims For Back Pay Because They Voluntarily Separated From The Connecticut Air National Guard**

In their response, Mr. Rempfer and Mr. Dingle do not contest that it is well-settled that a court lacks jurisdiction to review back pay claims pursuant to the Tucker Act if a military member voluntarily leaves the service. Carmichael v. United States, 298 F.3d 1367, 1371 (Fed. Cir. 2002); see also Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999);Sammt v. United States, 780 F.2d 31, 33 (Fed. Cir. 1985). Moreover, Mr. Rempfer and Mr. Dingle do not contest that they submitted their requests for transfer to the Air Force Reserve, which resulted in their voluntary discharge from the Connecticut Air National Guard. DA 1-4.

Accordingly, because it is equally well-settled that resignations and retirements are presumed to be voluntary and the plaintiffs bear the burden of establishing that the separation was involuntary, Tippett v. United States, 185 F.3d 1250, 1255 (Fed. Cir. 1999); Christie v. United States, 207 Ct. Cl. 333, 338, 518 F.2d 584, 587 (1975), based upon the facts as alleged by Mr. Rempfer and Mr. Dingle, their separations from the Connecticut Air National Guard were voluntary and, thus, the district court equally lacks jurisdiction to entertain their Little Tucker Act claims.

**B. The District Court Would Be Required To Dismiss Mr. Rempfer's And Mr. Dingle's Claim For Reinstatement And Full Compensation Because They Are Not Entitled To Military Pay As Former Members Of The Connecticut Air National Guard**

In their complaint, Mr. Rempfer and Mr. Dingle request that the Court provide them "full compensation" for being discharged from the Connecticut Air National Guard. Compl. at page 7. As we noted in our opening brief, Mr. Rempfer and Mr. Dingle base their claims for such compensation upon 37 U.S.C. § 204 or 5 U.S.C. § 5596. See Compl. at ¶¶ 22, 27, 31. However, as we further explained in our opening motion, and plaintiffs have not refuted in their response, 5 U.S.C. § 5596 is not a proper money mandating statute, as members of the Air National Guard are not federal employees as required by this statute. Dehne v. United States, 970 F.2d 890, 892 (Fed. Cir. 1992); Gnagy v. United States, 225 Ct. Cl. 242, 634 F.2d 574, 579 (1980). Accordingly, the district court, as this Court, could not grant Mr. Rempfer or Mr. Dingle their requested relief based upon these statutes.

Furthermore, as we explained in our opening motion, the only possible basis for plaintiffs' claims for back-pay is 37 U.S.C. § 206, which applies to members of the National Guard and Reserve who are not in full-time active duty service. See Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999). However, in order for Mr. Rempfer's or Mr. Dingle's back pay entitlement claim to survive a motion to dismiss in district court, the claim must be based on duty actually performed. See Palmer v. United States, 168 F.3d at 1313-14 (a member serving on part-time duty has no lawful claim for unattended drills or unperformed training duty); Dehne v. United States, 970 F.2d at 894 ("[plaintiff] can point to no statute or regulation that mandates pay for service never actually performed by a member of the Air National Guard of the United States."). Thus, because Mr. Rempfer and Mr. Dingle have not asserted a claim for actual duty

performed with the Connecticut Air National Guard, their complaint would be dismissed in the district court, as it would here, for failing to state a claim upon which relief can be granted. Palmer v. United States, 168 F.3d 1312-1314.

### C. **The District Court Also Could Not Order The Governor To Reinstate Mr. Rempfer And Mr. Dingle Into The Connecticut National Guard**

We explained in our opening motion that this Court lacked jurisdiction to entertain Mr. Rempfer's and Mr. Dingle's complaint because their suit was against the Connecticut Air National Guard and not the United States. However, if Mr. Rempfer's and Mr. Dingle's complaint was transferred to the district court, the district court also could not award Mr. Rempfer and Mr. Dingle the relief they seek because the district court, like this Court,[5] has no authority to order the Governor of Connecticut to appoint someone to the state militia.[6]

Mr. Rempfer and Mr. Dingle do not contest that they seek to be reinstated in the Connecticut Air National Guard. Nor do they contest that the district court would have to order the Governor of Connecticut to exercise a function of the state and appoint Mr. Dingle and Mr. Rempfer, as officers in a state organization. Given these concessions, the relief plaintiffs seek is simply beyond the district court's jurisdictional authority. This is because it is uncontroverted that appointments to the state militia are limited by the Constitution to the states. As the Court of Appeals of the District of Columbia observed seventy years ago,

> [t]he United States has not appointed, and constitutionally cannot appoint or remove (except after being called into federal service),

---

[5] See Singleton v. Merit Systems Protection Board, 244 F.3d 1331, 1336 (2001).

[6] Plaintiffs would still be bringing their suit in district court as "former officers and pilots with the Connecticut Air National Guard." See Compl. p. 1 & Compl. ¶¶ 1, 2; DA 3,4. Additionally, Mr. Rempfer and Mr. Dingle would still ask the district court to "reinstate [them] into their former positions with the [Connecticut Air National Guard]." See Compl. Prayer for Relief ¶ A.

> officers of the National Guard, for there must be a State National Guard before there can be a National Guard of the United States, and the primary duty of appointing the officers is one of the powers reserved to the states.

Gillett v. Dern, 74 F.2d 485, 487 (D.C. Cir. 1934). See also, U.S. Const. art. I, § 8, cl. 16; McFarlane v. Grasso v. Grasso, 696 F.2d 217, 226 n. 4 (2nd Cir. 1982); Frey v. California, 982 F.2d 399, 402 (9th Cir. 1993); Nelson v. Geringer, 295 F.3d 1082, 1087 (10th Cir. 2002).

Given that the authority to appoint officers in the state militia is strictly limited to the Governor of the state, the district court simply does not possess the authority to appoint officers in the state militia. This is the quintessential non-justiciable issue.[7] Orloff v. Willoughby, 345 U.S. 83, 93-94 (1953).

Moreover, because the plaintiffs are seeking judicial intervention in a state matter, Mr. Rempfer's and Mr. Dingle's alleged alternative reason for seeking transfer to the district court, so they could challenge the decisions of the AFBCMR pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et seq, is also without merit.[8] This is because the APA is only a waiver of sovereign immunity in non-money claims against the Federal Government. See Clark v. Library of Congress, 750 F.2d 89 (D.C. Cir. 1984). The APA is simply not applicable given that Mr. Rempfer or Mr. Dingle are seeking monetary relief based upon the acts of a state actor.[9] Gilliam v. Miller, 973 F.2d 760, 764 (9th Cir. 1992).

---

[7] For similar reasons, the Air Force Board For Correction Of Military Records ("AFBCMR") concluded it did not have the authority to reinstate Mr. Rempfer to the Connecticut Air National Guard, a state organization. See Defendant's Appendix p. 6. See also Watson v. Arkansas Nat'l Guard, 886 F.2d 1004, 1008 n.11 (8th Cir. 1989); Navas v. Vales, 752 F.2d 765, 770 (1st Cir. 1985). The AFBCMR has not ruled upon Mr. Dingle's application at this time.

[8] See Pl. Resp. pp. 4, 6.

[9] The plaintiffs' reliance upon the APA for jurisdiction in the district court is also misplaced given that the APA is not a jurisdictional ground for a Federal lawsuit. See Califano v. Sanders,

Therefore, because Mr. Rempfer and Mr. Dingle are challenging orders they received as officers of the Connecticut Air National Guard, and they are seeking reinstatement in the state militia, their suit is not against the United States. Accordingly, because the district court would not possess the authority pursuant to the Tucker Act or APA to order the Governor of Connecticut to reinstate Mr. Rempfer or Mr. Dingle to the state militia, their complaint should not be transferred, but dismissed.

## III. It Is Not In The Interest Of Justice To Transfer Mr. Rempfer's And Mr. Dingle's Complaint For Money Damages

In determining whether the transfer of a claim from one federal court to another is appropriate, the applicable transfer statute, 28 U.S.C. § 1631. Essentially, transfer will be permitted when Mr. Rempfer and Mr. Dingle have proven all of the following elements: (1) the transferor court lacks subject matter jurisdiction; (2) at the time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice. Sodexho Marriott Management, Inc. v. United States, 61 Fed. Cl. 229, 241 (2004).[10]

In this case, as we demonstrated above, it is clearly not in the interest of justice to transfer Mr. Rempfer's and Mr. Dingle's complaint seeking back pay and reinstatement to the Connecticut Air National Guard because the district court would be as equally constrained as this Court by the controlling Federal Circuit precedent regarding back pay claims for members of the military. Moreover, Mr. Rempfer's and Mr. Dingle's response is totally lacking of any legal precedent that would allow the district court to entertain their claims for back pay in a

430 U.S. 99 (1977).

[10] As explained in our opening brief, and above, we do not believe this Court or the district court could entertain Mr. Rempfer's or Mr. Dingle's complaint. Thus, we will focus our response on the one area we have not yet addressed: whether transfer is in the interest of justice.

manner different from this Court. Moreover, the lack of a forum here, does not extend jurisdiction where it does not exist, and extending jurisdiction in the name of equity is not in the interest of justice. Sodexho Marriott Management, Inc. v. United States, 61 Fed. Cl. at 243; see Cavin v. United States, 956 F.2d 1131, 1136 (Fed. Cir. 1992)(not in the interest of justice to transfer case where district court could not grant relief); LeBlanc v. United States, 50 F.3d 1025, 1031 (Fed. Cir. 1995)(same); Earnest v. United States, 33 Fed. Cl. 341, 344-45 (transfer denied where district court also lacked jurisdiction of some claims and where other claims could be simply refiled).

Mr. Rempfer's and Mr. Dingle's argument for transfer is simply based upon their assertion that "[t]his Court has not hesitated to transfer similar cases to this one pursuant to the federal transfer statute." Pls. Resp. p. 6, citing Gethers v. United States, 2004 U.S. Claims LEXIS 334 at *22; Kidwell v. Dep't of the Army, 56 F.3d 279, 284 (D.C. Cir. 1995); Calloway v. Brownlee, 366 F. Supp.2d 43 (D.D.C. 2005). However, those cases are markedly different from Mr. Rempfer's and Mr. Dingle's case because in neither one of those cases was the plaintiff seeking monetary damages and the district court possessed the authority to entertain their claims.

Major Gethers was serving upon active duty when he filed his complaint in this Court simply seeking declaratory relief from the Court that the United States Marine Corp review his records and possibly award him a special selection board. Major Gethers was not primarily seeking back pay.[11] Likewise, Mr. Kidwell was not seeking monetary relief, but was simply

[11] Major Gethers' case was never published in the official reporter, accordingly, it has no precedential value and is not citable. See Manville v. Sec'y of HHS, 63 Fed. Cl. 482, 488 n. 11 (2004) (discussing United States Court of Appeals for the Federal Circuit rule regarding unpublished opinions). However, even if Gethers were citable, it does not change the fact that Major Gethers' claim was not primarily one for money damages.

seeking to have a discharge upgraded. Finally, Mr. Calloway was merely seeking records correction of his military files by having two efficiency reports changed. These three cases are markedly different from here, where Mr. Rempfer and Mr. Dingle are still seeking back pay, albeit limited to $10,000.00. Furthermore, all of these cases were against a Federal agency and not a state actor, so that the distrcit court possessed jurisdiction to entertain these plaintiff's Federal question.

Accordingly, because the Government knows of no reason why plaintiffs' claim for back pay should not be adjudicated in this Court, and Mr. Rempfer and Mr. Dingle have certainly provided no reasons why binding Federal Circuit precedent would not require similar results in the district court, a decision upon Mr. Rempfer's and Mr. Dingle's back pay claims should be made in this Court. Not until a decision is made upon the underlying Tucker Act claims by the Court should a decision regarding transfer of any potential surviving claims be made.

## CONCLUSION

For the reasons stated above and in our opening motion, we respectfully request the Court dismiss the claims of Mr. Rempfer and Mr. Dingle for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). In the alternative, we request the Court dismiss their complaint for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). The Government also opposes the transfer of Mr. Rempfer's and Mr. Dingle's complaint because, for the reasons this Court should dismiss their claims, the district court would be equally compelled to do the same. Thus, it is not in the interest of justice to transfer their complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/James M. Kinsella by Bryant G. Snee
JAMES M. KINSELLA
Deputy Director

s/Douglas K. Mickle
DOUGLAS K. MICKLE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-0383
Facsimile: (202) 353-7988

Attorneys for Defendant

Of Counsel:
LT COL P. CHRISTOPHER CLARK
Air Force Legal Services Agency
General Litigation Division
1501 Wilson Blvd., 7th Floor
Arlington, VA 22209-2403

October 14, 2005

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on October 14, 2005, a copy of the foregoing "**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER THEIR COMPLAINT, AND REPLY TO PLAINTIFFS' RESPONSE TO THE GOVERNMENT'S MOTION TO DISMISS**" with is appendix was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Douglas K. Mickle
Douglas K. Mickle