No. 05-396C
(Judge Mary Ellen Coster Williams)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THOMAS L. REMPFER and RUSSELL E. D1NGLE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFFS' REPLY TO DEFENDANT'S**
**OPPOSITION TO MOTION TO TRANSFER VENUE**

The United States has opposed the Motion of the plaintiffs Captain Thomas L. Rempfer ("Capt. Rempfer") and Major Russell E. Dingle ("Maj. Dingle"), both former officers for the Connecticut Air National Guard, to transfer this action to the U.S. District Court for the District of Columbia in the "interests of justice."

The primary basis for the Government's Opposition is that the plaintiffs, notwithstanding waiving any monetary claim in excess of $10,000, still continue to pursue back pay pursuant to the Little Tucker Act, 28 U.S.C. § 1346. As a result dismissal rather than transfer is warranted, argues the Government, because the Federal Circuit still maintains "exclusive jurisdiction over 'an appeal from a final decision of a district court of the United States ... if the jurisdiction of that court was based, in whole or in part, on [28 U.S.C.] section 1346.'" Banks v. Garrett, 901 F.2d 1084, 1086 (Fed. Cir. 1990). Only a brief response would appear to be necessary.

In order to eliminate the Government's concerns the plaintiffs withdraw their specific claim for back pay.[1] Thus, jurisdiction is no longer predicated under the Little Tucker Act and the Second Cause of Action will no longer be at issue before this Court or the District Court. The remaining two counts, the basis of which lies under the Administrative Procedure Act and the Declaratory Judgment Act, are both independently viable before the District Court.[2]

With the withdrawal of plaintiffs' reliance on jurisdiction under the Little Tucker Act, the consequence of the passage of the statute of limitations for some of the plaintiffs' claims supports the premise that the interests of justice exist to merit transfer. The Government did not address the fact that this alone has been held to be a basis for the existence of "interests of justice." Tex. Peanut Farmers v. United States, 409 F.3d 1370 (Fed. Cir. 2005), quoting Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)("'A compelling reason for transfer is that the [plaintiff], whose case if transferred is for

---

[1] To the extent that back pay is referenced as a potential means for damages in the First and Third Causes of Action under the Administrative Procedure Act and Declaratory Judgment Act, respectively, any award that could, if entitled, be obtained would be due as a consequence of a legal determination of an underlying violation, i.e., the Department of Defense's administration of its Anthrax Vaccination Immunization Program was unlawful. See John Doe #1 et al. v. DoD et al., 341 F. Supp. 2d 1 (D.D.C. 2004). Thus, any monetary benefits would flow not from the district court's jurisdiction but "from the structure of statutory and regulatory requirements governing compensation…." Bublitz v. Brownlee, 309 F.Supp. 2d 1, 8 (D.D.C. 2004)(quotation omitted).

[2] Additionally, as was previously noted in the plaintiffs' Motion, since the filing of the initial Complaint, the Air Force Board for Correction of Military Records ("AFBCMR") issued a final decision on April 25, 2005, with respect to Captain Rempfer's claims. That decision will be substantively challenged under the APA through an Amended Complaint in this case. Of course, the District Court will have jurisdiction over such a challenge. See Mitchell v. United States, 930 F.2d 893, 895 (Fed. Cir. 1991)(5 U.S.C. § 704 provides judicial review over final agency action). Additionally, because the AFBCMR has not yet ruled in Maj. Dingle's case despite a lengthy period of time in which to consider the claims, an additional APA claim will also be filed on the basis of "unreasonable delay" pursuant to 5 U.S.C. § 706(1), which also falls within the jurisdiction of the District Court. It makes far more sense, particularly within the context of "interests of justice" to transfer this case to the District Court to allow for the amendment and addition of these claims.

statute of limitations purposes deemed by section 1631 to have been filed in the transferor court . . . will be time-barred if his case is dismissed and thus has to be filed anew in the right court.'").

Therefore, it is in the interests of justice to transfer this case to the District Court.

Date: November 16, 2005

Respectfully submitted,

s/Mark S. Zaid

Mark S. Zaid, Esq.
D.C. Bar #440532
Krieger & Zaid, PLLC
1920 N Street, N.W., Suite 300
Washington, DC 20036
(202) 454-2809
(202) 293-4827 fax
ZaidMS@aol.com

Attorney For Plaintiffs

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of September 2005, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Mark S. Zaid

Mark S. Zaid, Esq.