No. 05-396C
(Judge Mary Ellen Coster Williams)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

THOMAS L. REMPFER and RUSSELL E. D1NGLE,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**PLAINTIFFS' SUPPLEMENTAL RESPONSE TO ORDER DATED NOVEMBER 27, 2005**

By Order dated November 27, 2005, this Court directed that the plaintiffs provide supplemental briefing on the issue of transfer of this case to the U.S. District Court for the District of Columbia in the "interests of justice." The Court specifically noted that:

> Plaintiffs should explain their argument that forcing them to re-file in district court would result in certain claims being time-barred. In doing so, Plaintiffs should provide the specific statute of limitations that would be implicated if Plaintiffs were forced to re-file, and should indicate if that statute of limitations would have been barred on the date that this action was filed in this Court.

See Order at 1 (dated November 27, 2005).

To be perfectly candid with the Court, based on the available facts and known law, the plaintiffs cannot categorically claim one way or the other whether any specific claim (excluding those that have been waived of course) will be statutorily barred if this case is dismissed rather than transferred. Aspects of this case will necessarily focus on the unique nature of the interplay and relationship between the Connecticut Air National

Guard ("CT ANG"), which employed the plaintiffs, and the U.S. Departments of Air Force and Defense, whose initiated actions led to the challenged conduct of the CT ANG. It will likely not entirely be clear until after discovery the extent to which certain claims addressing the removal of the plaintiffs from their employment with the CT ANG exist or whether they even can be remedied.

The ultimate question to be decided, and which goes to the heart of the "interests of justice" argument for transfer, will be whether any aspect of the plaintiffs' claims hinge on their actual discharge date from the CT ANG. The six-year statute of limitations for bringing civil actions against the United States will no doubt play an important role in any action pursued by the plaintiffs. See 28 U.S.C. § 2401(a)("every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.").

Captain Rempfer was discharged from the CT ANG on March 22, 1999. Major Dingle was discharged from the CT ANG on April 3, 1999. This action was filed March 23, 2005, thereby bringing any claims arising from the discharge into the six year statute of limitations. However, claims relating to the discharge actions may have expired on March 22, 2005, and April 3, 2005, respectively. Thus, any new case that would be filed could not encompass all possible claims.

To be safe, on December 8, 2005, the plaintiffs filed a new original case in the U.S. District Court for the District of Columbia. Rempfer et al. v. U.S. Department of Air Force Board for Correction of Military Records et al., Civil Action No. 05-2350 (D.D.C.)(A copy of the Complaint is attached at Exhibit "1"). If this case is not transferred, any claim that is necessarily and inextricably linked to the plaintiffs' discharges may, or will, be lost as potentially falling outside the six year statute of

limitations.[1] It would certainly seem reasonable to conclude that given this potentiality, and certainly in light of the clear basis for district court jurisdiction over certain claims, the "interests of justice" merit the safe decision of transferring this action to the U.S. District Court for the District of Columbia. Upon transfer this case can then be consolidated with the new pending case and all possible claims will be effectively preserved for litigation.

Date: December 9, 2005

Respectfully submitted,

s/Mark S. Zaid

Mark S. Zaid, Esq.
D.C. Bar #440532
Krieger & Zaid, PLLC
1920 N Street, N.W., Suite 300
Washington, DC 20036
(202) 454-2809
(202) 293-4827 fax
ZaidMS@aol.com

Attorney For Plaintiffs

[1] To be sure, there are several claims set forth by the plaintiffs that will not be impacted by either the dismissal or transfer of this action to the district court. For example, the Air Force Board for Correction of Military Records issued a ruling by letter dated April 25, 2005, regarding Captain Rempfer's case. It has never issued a ruling in Major Dingle's case despite the claim having been filed by letter dated March 29, 2005. Both the ruling in Captain Rempfer's case and the failure to rule in Major Dingle's case are within the statutory period and ripe to be challenged. As is the declaratory judgment claims that the Government's Anthrax Vaccination Immunization Program was unlawful. On that note, the D.C. Circuit Court of Appeals heard oral arguments in John Doe #1 et al. v. Rumsfeld et al., on December 1, 2005. The Court of Appeals for the Armed Forces entertained oral arguments regarding some of the criminal courts-martials for anthrax vaccine refusers on December 8, 2005. Decisions in both cases, which will address the lawfulness of the mandatory inoculations, are expected sometime next year and will significantly impact (if not control) the plaintiffs' case in the district court.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 9th day of December 2005, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Mark S. Zaid

Mark S. Zaid, Esq.