# In the United States Court of Federal Claims

No. 05-396C
(Filed April 19, 2006)
(Unpublished)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| THOMAS L. REMPFER and RUSSELL E. DINGLE, | \* \* \* \* \* |
| Plaintiffs, | \* \* |
| v. | \* \* |
| THE UNITED STATES, | \* \* |
| Defendant. | \* \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

___

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**
___

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss and Plaintiffs' motion to transfer the case to the United States District Court for the District of Columbia. Plaintiffs, Thomas L. Rempfer and Russell E. Dingle, filed this action seeking relief stemming from their alleged forced resignations from the Connecticut Air National Guard (CT ANG) due to their refusal to be inoculated with the Anthrax Vaccine Adsorbed (AVA). Plaintiffs sought a declaratory judgment that AVA was an investigational new drug and that the order requiring Plaintiffs to receive AVA inoculations was unlawful. Plaintiffs also sought reinstatement to their former positions with CT ANG, and back pay and associated losses incurred as a result of their resignations, but they have since withdrawn their claims for back pay.[1]

___

[1] Other plaintiffs filed a lawsuit in the United States District Court for the District of Columbia also challenging the use of the anthrax vaccine. On October 27, 2004, the United District Court for the District of Columbia entered a permanent injunction prohibiting use of the anthrax vaccine "unless and until FDA classifies AVA as a safe and effective drug for its intended use." Doe v. Rumsfeld, No. 03-707 (D.D.C. 2004). In an order dated December 19, 2005, FDA classified AVA

Because Plaintiffs seek relief as state employees of the Connecticut National Guard, this Court lacks subject matter jurisdiction over Plaintiffs' claims.[2] Nonetheless, Plaintiffs asked this Court to transfer to the District Court "any claims necessarily and inextricably linked to their discharges by the Connecticut Air National Guard," to avoid such claims being time-barred in that forum. However, Plaintiffs have not articulated any claims relating to their discharges which might be time-barred absent a transfer. As such, this action is dismissed, and Plaintiffs' motion for transfer is denied.

## **Background**[3]

Mr. Rempfer is a former Captain and pilot with CT ANG. Mr. Dingle is a former Major and pilot in CT ANG. Under the Department of Defense (DoD) Anthrax Vaccine Immunization Program (AVIP) requirements, members of CT ANG were required to submit to anthrax vaccine inoculations. Plaintiffs allege that "[r]efusing to comply with orders to take the AVA inoculation subjected service members to military disciplinary actions, including courts-martial or administrative discharges." Compl. ¶ 7. They also allege that CT ANG Fighter Wing Commander, Colonel Walter Burns, referred to anyone questioning AVIP as "hardliners," and "publicly communicated intolerance toward anyone who questioned the DoD policy [requiring Anthrax vaccinations]." Id. at ¶¶ 8, 10. Colonel Burns allegedly described those who would not take the vaccine as "traitors." Id. at ¶ 10. In addition, in December 1998, pilots who expressed concerns about AVIP were encouraged to leave their units "ASAP, or their fate might be out of their commander's hands." Id. at ¶ 11. Mr. Rempfer and Mr. Dingle opposed the anthrax vaccine and refused the inoculations.

On December 22, 1998, Mr. Rempfer requested reassignment from CT ANG to the Air Force Reserve (AFR). Mr. Rempfer's request was approved, and he was honorably discharged from CT ANG, effective March 25, 1999, and transferred to the AFR, effective March 26, 1999.

Mr. Dingle also requested reassignment from CT ANG to the AFR. Mr. Dingle's request was approved, and he was honorably discharged from CT ANG, effective April 3, 1999, and transferred to the AFR, effective April 4, 1999. Plaintiffs are challenging their constructive discharges before the Air Force Board for Correction of Military Records (AFBCMR) and in the United States District Court for the District of Columbia.

Plaintiff Rempfer filed a petition with the AFBCMR on March 20, 2004, and was assigned Docket No. BC-2004-00944. Mr. Rempfer's petition was denied by AFBCMR on April 25, 2005.

---

as "safe and effective and not misbranded," 70 Fed. Reg. 75, 180, 75, 182 (Dec. 19, 2005), and a pending appeal of the permanent injunction was thereafter dismissed as moot. Doe v. Rumsfeld, No. 04-5440 (D.C. Cir. Feb. 9, 2006).

[2] Counsel for Plaintiffs acknowledged the Court's lack of jurisdiction over Plaintiffs' constructive discharge claims. Tr. at 14 (Mar. 14, 2006).

[3] This background is derived from the pleadings and attachments thereto.

Mr. Dingle submitted his case to the AFBCMR by a letter dated March 29, 2005, and was assigned Docket No. BC-2005-01103. The AFBCMR has not yet issued a decision in Mr. Dingle's case.

Plaintiffs filed suit in the District Court on December 8, 2005, seeking 1) an order directing the AFBCMR to issue a decision on Mr. Dingle's petition, Docket No. BC-2005-01103; 2) a declaration that AVA is/was an investigational drug as it is/was being used by DoD and CT ANG; 3) a declaration that AVA was an investigational new drug at the time Plaintiffs were ordered to receive the AVA inoculations; 4) a declaration that the order requiring Plaintiffs to receive the AVA inoculation was unlawful; and 5) a declaration that Plaintiffs' resignation orders were unlawful.[4]

## Discussion

Subject matter jurisdiction may be challenged at any time by the parties, by the Court sua sponte, and even on appeal. Booth v. United States, 990 F.2d 617, 620 (Fed. Cir. 1993). In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993); Holland v. United States, 57 Fed. Cl. 540, 551 (2003) (citations omitted). Ultimately, however, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir. 2002).

Plaintiffs have abandoned their claims for back pay in this Court and failed to identify any other monetary damages stemming from their refusal to be inoculated.[5] Because Plaintiffs were members of the National Guard, a state militia, and not in the military service of the United States, their unspecified monetary claims stemming from their discharge are not against the United States.

Specifically, it has long been understood that:

> Congress, in carrying out its constitutional powers, had almost from the beginning provided by law for organizing, arming, and disciplining the militia, and that the process has been one of gradual enlargement, the United States assuming constantly increasing responsibility and exercising more and more control in organization and discipline, but it is clear notwithstanding all of this, that except when employed in the service of the United States, officers of the National Guard continue to be officers of the state and not officers of the United States or of the Military Establishment of the United

---

[4] In their reply to the Government's opposition to their motion to transfer, Plaintiffs aver that any monetary damages, such as back pay, stemming from their discharges will be due as a result of the District Court's entry of their requested declaratory judgment.

[5] Other than the back pay they abandoned, the only damages alleged by Plaintiffs are "any other associated losses incurred as a result of being forced out of CT ANG." Compl. ¶ B.

>States.
>
>\*                                           \*                                           \*
>
>The United States has not appointed, and constitutionally cannot appoint or remove (except after being called into federal service), officers of the National Guard, for there must be a State National Guard before there can be a National Guard of the United States, and the primary duty of appointing the officers is one of the powers reserved to the states.
>
>\*                                           \*                                           \*
>
>But, except when employed in the service of the United States, the whole government of the militia is within the province of the state, and this follows because of the precise limitations of the constitutional grant.  The United States may organize, may arm, and discipline, but all of this is in contemplation of, and preparation for, the time when the militia may be called into the national service. Until that event, the government of the militia is committed to the states.  (citation omitted)

United States v. Dern, 74 F.2d 485, 487 (D.C. Cir. 1934).   In Perpich v. Department of Defense, 496 U.S. 334, 345 (1990), the Supreme Court recognized:

>Since 1933 all persons who have enlisted in a state National Guard unit have simultaneously enlisted in the National Guard of the United States.  In the latter capacity they became a part of the Enlisted Reserve Corps of the Army, but unless and until ordered to active duty in the Army, they retained their status as members of a separate state Guard unit.

The Federal Circuit found this to mean "that members of the National Guard only serve the federal military when they are formally called into the military service of the United States." Clark v. United States, 322 F.3d 1358, 1366 (Fed. Cir. 2003).  "At all other times, National Guard members serve solely as members of the State militia under the command of a state governor."  Id.

Here, Plaintiffs have not alleged that they were called into the service of the United States. The fact that the Connecticut Air National Guard was implementing a federal DoD program in directing reservists to take the anthrax vaccine does not convert Plaintiffs' employment status from state to federal.  Plaintiffs' discharge orders from CT ANG were signed "by the order of the Governor."  Def.'s App. to its Motion to Dismiss at 3, 4.  Because Plaintiffs are state employees seeking monies attributable to their constructive discharge by the state, the relief sought is not from

the United States, and this Court lacks subject matter jurisdiction over this action.[6]

Plaintiffs also requested that this Court transfer the instant action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1631, arguing:

> To be safe, on December 8, 2005, the plaintiffs filed a new original case in the U.S. District Court for the District of Columbia. Rempfer et al. v. U.S. Department of Air Force Board for Correction of Military Records et al., Civil Action No. 05-2350 (D.D.C.) . . . . If this case is not transferred, any claim that is necessarily and inextricably linked to the plaintiffs' discharges may, or will, be lost as potentially falling outside the six-year statute of limitations.

Pls.' Supp. Response to Order Dated Nov. 27, 2005 at 2-3.[7]

By order dated November 28, 2005, the Court directed Plaintiffs to specify what claims would be time-barred if they were not transferred. In responding to the Court's order, Plaintiffs did not particularize their claims. Rather, Plaintiffs characterized such claims as any claim that is "necessarily and inextricably linked to Plaintiffs' discharge." Id.

On March 14, 2006, this Court convened a telephonic conference with the parties and again ordered Plaintiffs to clarify what claims would be time-barred if not transferred. Plaintiffs' counsel

---

[6] In their complaint, Plaintiffs also asserted that this Court has jurisdiction pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 702. Compl. ¶ 4. However, Section 702 does not confer jurisdiction on this Court. Crocker v. United States, 37 Fed. Cl. 191, 197 (1997), aff'd, 125 F.3d 1475 (Fed. Cir. 1997) ("It is well established that the APA is not an independent basis for this or any other court to exercise jurisdiction over claims of money."). Plaintiffs also sought a declaratory judgment providing that when the DoD and CT ANG required Plaintiffs to receive AVA inoculations, AVA was an investigational new drug within the meaning of 10 U.S.C. § 1107, E. O. 13139, and DoD Directive 6200.2. Compl. ¶¶ C, D. They also asked the Court to declare unlawful any order issued by the DoD and/or the CT ANG requiring Plaintiffs to receive AVA inoculations. Id. at ¶ E. However, the Declaratory Judgment Act does not confer jurisdiction in this Court. Schilling v. Rogers, 363 U.S. 666, 677 (1960) (citing Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950)). Moreover, Plaintiffs reasserted their APA and Declaratory Judgment causes of action in their District Court complaint, and benefitted from the injunctive relief obtained in Doe v. Rumsfeld, No. 03-707 (D.D.C. 2004).

[7] Mr. Rempfer was discharged from the CT ANG on March 25, 1999, and Mr. Dingle was discharged from CT ANG on April 3, 1999. The instant action was filed on March 23, 2005, but Plaintiffs' District Court action was not filed until December 8, 2005. Under 28 U.S.C. § 2501, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues."

could not articulate what those claims might be and confirmed that Plaintiffs have abandoned their Tucker Act claim for back pay in this action. Tr. at 11 (Mar. 14, 2006). Plaintiffs' counsel stated:

> As far as I can tell, I do believe that the claims that do now exist within the District Court encompass anything that would still exist within the Court of Federal Claims. The posture of transfer was primarily based on, quite frankly, any possibility that there was something I missed. I mean, I will outright concede I cannot identify something specific that standing alone seems to exist only within the Court of Federal Claims and could not be potentially addressed within the District Court. It was a matter of safety only in an attempt to get this case transferred and consolidated to make sure that depending on how the government would argue later on in the case that something that was missed would be preserved.
>
> THE COURT: So you can't articulate any claim here today that would be time barred were this Court not to transfer this action?
>
> MR. ZAID: I cannot
>
> THE COURT: Okay
>
> MR. ZAID: No specific claim.
>
> THE COURT: That doesn't leave much room for the Court to act here.
>
> MR. ZAID: Understood.
>
> THE COURT: I appreciate the candor, the candor to the tribunal which you have shown, which you must show as an officer of this Court. Mr. Zaid, I see no alternative but to dismiss this case, and I'm going to order you now to show cause why it should not be dismissed.
>
> MR. ZAID: Based on everything else that has been argued before, Your Honor, I do not have anything else that could be presented at this time so I would think it probably just appropriate from your standpoint to issue an order dismissing it.

Id. at 14-16.

## Conclusion

Defendant's motion to dismiss is **GRANTED**.

The Clerk is directed to dismiss this action.  No costs.

    s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**